# Constitutionality of Vesting Magistrate Judges with Jurisdiction Over Asset Forfeiture Cases

A statute vesting magistrate judges with jurisdiction over asset forfeiture cases would violate Article III of the Constitution

December 6, 1993

MEMORANDUM OPINION FOR THE
DEPUTY DIRECTOR, POLICY AND LITIGATION
ASSET FORFEITURE OFFICE

You have asked whether Congress may constitutionally enact a statute requiring that asset forfeiture cases involving property valued below a certain level be heard by a United States Magistrate Judge rather than a United States District Judge. The limitations imposed by Article III forbid Congress to assign jurisdiction over such cases to a Magistrate Judge without the assent of the parties. Therefore, we must advise you that the provision you have described would be unconstitutional.

The Supreme Court has explained that the power to adjudicate private rights must be vested in an Article III court. *See Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 63-76 (1982) (plurality opinion). Although the adjudication of public rights need not be assigned to an Article III court, both civil and criminal forfeiture cases involve disputes over private, not public, rights. The Court has held that no criminal case can be conceptualized as a public rights dispute even though the United States is a party to all criminal proceedings. *Id.* at 70 n.24 (citing *United States ex rel. Toth v. Quarles*, 350 U.S. 11 (1955)). Similarly, the Court has ruled that Congress generally "cannot 'withdraw from [Art. III] judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty,'" *id.* at 69 n.23 (quoting *Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. (18 How.) 272, 284 (1856)), and every civil forfeiture action indubitably constitutes a matter that is the subject of a suit at the common law or in equity. *See Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 680-83 (1974) (tracing history of forfeiture).

Congress has the authority in some situations to "fashion causes of action that are closely analogous to common-law claims and place them beyond the ambit of" Article III, *see Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 52 (1989) (discussing congressional authority to abrogate Seventh Amendment right to trial by jury), but the Supreme Court has only sustained the exercise of this authority when Congress creates a regulatory framework that includes administrative adjudication of such claims. *See Atlas Roofing v. Occupational Safety and Health Review Comm'n*, 430 U.S. 442, 450-61 (1977) (collecting cases); *see also*

148

*Granfinanciera*, 492 U.S. at 51-52; *Crowell v. Benson*, 285 U.S. 22, 50-51 (1932). Absent the creation of a separate administrative mechanism for administration and adjudication of civil forfeitures, such cases must be assigned in the first instance to Article III judges. Assignment of such cases to Magistrate Judges, who are mere adjuncts to United States District Judges, *see Gomez v. United States*, 490 U.S. 858, 872 (1989), cannot satisfy the Article III requirement.

In upholding 28 U.S.C. § 636(c), which authorizes Magistrate Judges to conduct civil trials with the consent of the parties, the *en banc* Ninth Circuit stated "that parties to a case or controversy in a federal forum are entitled to have the cause determined by Article III judges." *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir. 1984) (Kennedy, J.), *cert. denied*, 469 U.S. 824 (1984). Therefore, the Ninth Circuit concluded that a "mandatory provision for trial of an unrestricted class of civil cases by a magistrate and not by Article III judges would violate the constitutional rights of the litigants." *Id.* at 542. Based upon this rule, any statute vesting jurisdiction over federal forfeiture cases — even a limited class of civil forfeiture cases involving small amounts of money — in federal Magistrate Judges would almost certainly be constitutionally infirm.

WALTER DELLINGER
*Assistant Attorney General*
*Office of Legal Counsel*